# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| JAZMINE MICHELLE NOLEN f/k/a JAZMINE MICHELLE HUMES, | No. 1:18-cv-11032-DPH-APP |
| Plaintiff, | Honorable Judge Denise Page Hood |
| v. | Honorable Magistrate Anthony P. Patti |
| DTE ENERGY COMPANY, | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

NOW COMES Jazmine Michelle Humes f/k/a Jazmine Michelle Humes ("Plaintiff"), by and through her counsel, Sulaiman Law Group, Ltd., and pursuant to Fed. R. Civ. P. 15(a)(2), respectfully bringing this Motion for Leave to File First Amended Complaint, and in support thereof, states as follows:

1.  On February 29, 2019, Plaintiff filed her complaint seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") and the Michigan Collection Practices Act ("MCPA"). [Dkt. #1].

2.  On June 11, 2018, the Court entered the Scheduling Order for this matter. [Dkt. 10].

1

3.     The Scheduling Order directed that Rule 26(a)(1) disclosures were to be served by June 25, 2018, and that the deadline for the parties to amend pleadings or for joinder of parties was July 16, 2018.

4.     After being served with Defendant's initial disclosures, it appears as though a third party, Credit Control Services, Inc. d/b/a CCSUSA ("CCS"), was responsible or otherwise had a role in placing the collection phone calls to Plaintiff serving as the basis of Plaintiff's Complaint.

5.     Given CCS's apparent role as it relates to the instant litigation, Plaintiff's proposed Amended Complaint seeks to join CCS as party to the instant litigation and bring claims against it for violations of the Fair Debt Collection Practices Act ("FDCPA"), TCPA, and Michigan Occupational Code ("MOC").

6.     Pursuant to Fed. R. Civ. Pro. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires. *Indep. Trust Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

7.     "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8.      Notwithstanding the dictate of Rule 15, in the instance when an amendment is sought to be made after the deadline established in a court's scheduling order, the party seeking such amendment must establish "good cause" for modifying the Scheduling Order. *See, Hance v. BNSF Ry. Co.,* 645 Fed. Appx. 356, 364 (6th Cir. 2016). "In evaluating whether a moving party has shown good cause sufficient to satisfy Rule 16(a)(4), we look to whether the moving party has been diligent in attempting to meet the scheduling order's requirements." *Id.* (citing *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003) (internal quotations omitted). "Another important consideration for . . . deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment" as a court *must* find "at least some significant showing of prejudice to the opponent" in order to deny a motion for leave. *Hance,* 645 Fed. Appx at 364; *Leary,* 349 F.3d at 907.

9.      Good cause exists for allowing Plaintiff's proposed amendment since there will be no prejudice to Defendant. The proposed Amended Complaint does not seek to add additional claims against Defendant. Additionally, the discovery deadline for the instant matter is December 11, 2018. It is unlikely that this deadline will need to be extended even with the addition of CCS to this matter, as there remains ample time for the parties to complete discovery without needing to extend any further deadlines.

10.    In situations where courts have denied leave to amend after the deadline to do so has passed, it is clear that the parties seeking such late amendments did so much longer after the deadline had passed and once the procedural posture of such cases had advanced much further than the instant matter. *See e.g., Hance,* 645 Fed. Appx 356, 364 (upholding denial of motion to amend where party was seeking to alter the claims against existing party 15 months after deadline had passed and after discovery closed); *Leary,* 349 F.3d 888, 909 (upholding denial of motion to amend where party seeking to amend for second time did so after dispositive motion deadline passed and when discovery would need to be reopened).

11.    Additionally, justice would be served if Plaintiff is granted leave to amend her Complaint, as it would allow Plaintiff the opportunity to seek relief for her injuries against all of the parties responsible in a consolidated fashion. In the event Plaintiff is denied leave to amend her complaint, it is likely a subsequent federal lawsuit will be filed against CCS (which may result in Defendant being joined as indispensable party), adding another case to the Court's docket. Such a duplicative proceeding and further clogging of the Court's docket can be avoided by granting Plaintiff's Motion for Leave.

12.    Plaintiff's Motion for Leave is not brought for dilatory reasons or as the result of undue delay. This is Plaintiff's first request to amend her complaint, and

the amendment is designed to allow Plaintiff to adjudicate the full extent of her claims stemming from the facts serving as the basis for the instant cause of action.

13.    Pursuant to E.D. Mich. L.R. 7.1, Plaintiff's counsel emailed Defendant's counsel on August 2, 2018, in order to confer regarding whether concurrence as to the relief Plaintiff seeks in this Motion could be reached. In response, Plaintiff's counsel received an automatic email reply stating that Defendant's counsel was on vacation until August 7, 2018. Plaintiff's counsel then contacted Defendant's counsel's assistant, who advised that Defendant's counsel had email access and would respond if able. As of the filing of this Motion, Plaintiff has not received a response from Defendant's counsel. Despite these reasonable efforts to obtain concurrence , Plaintiff was unable to conduct a conference prior to filing the Motion.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file her First Amended Complaint.

Dated: August 3, 2018                    Respectfully submitted,

*/s/ Nathan C. Volheim*

Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181 x113
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>*/s/ Nathan C. Volheim*</u>

Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181 x113
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com

*Counsel for Plaintiff*

6